# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ANGELA M. SPORER,**

    **Plaintiff,**

    **v.**
                                      **Case No. 23-CV-168-SCD**
                                                **23-CV-169-SCD**
                                                **23-CV-170-SCD**
                                                **23-CV-171-SCD**

**WAUKESHA COUNTY COURTHOUSE-
FAMILY COURT***, et al.*

    **Defendant.**

---

## REPORT AND RECOMMENDATION
## TO DISMISS ACTIONS

---

On February 8, 2023, Angela Sporer filed four related pro se actions alleging that various government entities harmed her children and herself. *See* 23-cv-168, 23-cv-169, 23-cv-170, 23-cv-171. Sporer alleges that first, her children were taken away from her by the state in 2013. Second, while her children were wards of the state, they were sexually trafficked. Third, numerous state agencies were aware of this exploitation and failed to act. Fourth, because of this abuse and the willful inaction of state actors, Sporer's children contracted HIV and racked up significant criminal histories. Ancillary to these claims, Sporer alleges personal injury due to the failure of various state actors to enforce her visitation rights while this abuse was occurring. Because for each claim Sporer either lacks the standing to bring suit or the court lacks subject matter jurisdiction to hear it, I will recommend that all four cases be dismissed.

**BACKGROUND**

Sporer alleges that since 2013, she has been denied visitation to her children, C.S. and S.S.[1] 23-cv-169, ECF No. 1 at 4. More specifically, Sporer claims that the Wisconsin Department of Children and Families (the defendant in 23-cv-171) and the Waukesha Family Court (the defendant in 23-cv-169) wrongfully kept Sporer out of her children's lives from 2013 until the present, and her children were consequently "bounced back and forth and around people that are not no relation to either one of them."[2] 23-cv-169, ECF No. 1 at 5. Sporer claims that "Russ and Amy," the children's apparent caretakers in her absence, used them for sexual favors in exchange for money. 23-cv-170, ECF No. 1 at 5; 23-cv-171, ECF No. 1 at 5. Due to this exploitation, Sporer alleges that her children contracted HIV and/or AIDS. 23-cv-169, ECF No. 1 at 5; 23-cv-168, ECF No. 1 at 5; 23-cv-170, ECF No. 1 at 5; 23-cv-171, ECF No. 1 at 5. Sporer claims that her children's diagnoses implicate another defendant—the "Wisconsin – CDC"[3]—for "starting an national pandemic with spreading of HIV/AIDS in multiply communities." 23-cv-168, ECF No. 1 at 3 (errors in original). The Wisconsin CDC is also allegedly liable for her children having "spreaded it to around 80-100 people." *Id*. at 5. Sporer further accuses three separate police departments of negligently refusing to intervene

---

[1] I will refer to Sporer's children by their initials rather than their names as they are not parties to this suit and the allegations concerning them are sensitive in nature.

[2] Notably, around this time, Sporer pleaded guilty and no contest to domestic abuse charges in two separate cases. *See* Waukesha County Circuit Court Case Nos. 2012CF000783 and 2012CF000104, *available at* https://wcca.wicourts.gov (last visited June 13, 2023). I take judicial notice that these convictions may have contributed to changes in Sporer's visitation rights or her children's living situations. *See Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012) ("A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned," including "facts readily ascertainable from the public court record and not subject to reasonable dispute.")

[3] There is no entity called the Wisconsin – CDC. Sporer likely meant to sue the Wisconsin Department of Health Services or the national Centers for Disease Control and Prevention.

in the purported child abuse and declining to assist her in enforcing her visitation rights. 23-cv-170, ECF No. 1 at 5.

Related to the allegations summarized above, Sporer seeks 1 million dollars from the Wisconsin – CDC for her children's suffering and treatment of HIV (23-cv-168); 1 million dollars from Waukesha Family Court and Richard Wimmer for pain and suffering inflicted on her and her two children for interference with her visitation rights (23-cv-169); 1.1 million dollars from the Menomenee Falls, La Crosse, and Waukesha Police Departments for failing to assist her in seeing her children and failing to prevent their abuse in foster care (23-cv-170); and $500,000 from the Wisconsin Department of Children & Families for "treatment and suffering" related to her children's medical conditions. In summary, Sporer seeks damages for two broad categories of injuries: (1) medical expenses and emotional distress damages for her children's abuse and their contraction of HIV and AIDS; (2) emotional distress damages for interference with (or failure to enforce) her visitation right with her children.

### REQUEST TO PROCEED WITHOUT PREPAYING THE FILING FEE

As a preliminary matter, Sporer has filed motions to proceed in forma pauperis (IFP) only in two of her four cases (23-cv-169, 23-cv-171), and she has not paid the filing fee in her other two cases (23-cv-168, 23-cv-170). On that alone, the even-numbered claims may be dismissed for failure to pay the filing fee or move to proceed without payment. However, for the sake of thoroughness, I will proceed with this recommendation as though Sporer has filed IFP motions in all four cases.

Any court of the United States may authorize a litigant to proceed in an action without prepaying fees if two conditions are met: (1) the litigant is unable to pay the costs of commencing the action; and (2) the action is not frivolous nor malicious, does not fail to state

a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§ 1915(a) and (e)(2).

Sporer states that she is employed part-time and earns $300 per month. While her financial resources likely meet the first condition to proceed in forma pauperis, I will still recommend that her claims be dismissed for the following reasons.

## I.       23-cv-168

Sporer's claims in 23-cv-168 should be dismissed for several reasons. First of all, there is no entity called "Wisconsin-CDC" for Sporer to sue. Additionally, to the extent Sporer intended to sue either the Wisconsin Department of Health Services or the CDC, the claims should still be dismissed as Sporer lacks standing to bring any claims related to the agencies' purported mishandling of the HIV/AIDS epidemic. In order to bring any lawsuit in federal court, a plaintiff must have standing to sue, meaning that "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)) (internal citations omitted). An injury in fact is an injury that is "concrete and particularized," meaning that it "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560. In other words, a plaintiff must "'allege[] such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). Sporer has not alleged that she herself suffers from HIV or AIDS, [4] and any alleged injury caused to others by the government's failure to

---

[4] Even if Sporer did suffer personally from HIV or AIDS, any claim that the government must be liable for related medical injuries would still likely fail on the "fairly traceable" portion of the standing test.

control the AIDS epidemic is too attenuated from Sporer herself to confer standing on her. In that vein, Sporer's children—the ones that arguably *have* suffered a concrete and particularized injury—are not even listed as plaintiffs in these suits. And even if her children had been named as plaintiffs, Sporer (having no concrete and particularized injury herself, as discussed above) could neither be party to the suit, nor sue on their behalf because her children are both adults.[5] *See e.g.*, *Bria Health Servs., LLC v. Eagleson*, 950 F.3d 378, 384 (7th Cir. 2020) ("Guardians have standing when they sue on behalf of *minors*.") (emphasis added).

I further note that although the plaintiff has indicated she is suing under the court's diversity jurisdiction, the entity she purports to sue is a Wisconsin entity. For all these reasons, I recommend that this case be dismissed.

## II.     23-cv-169

Sporer's claim in 23-cv-169 should be dismissed because it seeks monetary relief against the Waukesha Family Court, which is immune from suit. The Eleventh Amendment bars federal suits against state courts and other branches of state government. *Landers Seed Co., Inc. v. Champaign Nat. Bank,* 15 F .3d 729, 731–32 (7th Cir.1994). Additionally, the other named defendant in this case, Richard Wimmer, seemingly plays no role in the factual allegations in the complaint, and so Sporer has failed to state a claim on which relief can be granted against Wimmer. Further, as with her other cases, she purports to sue under the court's diversity jurisdiction but has sued an in-state entity. I therefore recommend dismissing 23-cv-169.

---

[5] I take judicial notice that C.S. cannot be a minor-aged child. Plaintiff was involved in child support proceedings related to C.S. in 2003 (*See* Waukesha County Circuit Court Case No. 2003FA000070, *available at* https://wcca.wicourts.gov (last visited June 13, 2023)), making him *at least* 20 years old. I likewise take judicial notice that S.S. is an adult based on her record in CCAP. S.S. has been involved in several legal actions (*See e.g.*, Case Nos. 2019CF00481, 2016CM002272), which list her birthday in the year 1995, making her also of majority age at the time of this action.

**III. 23-cv-170**

Sporer's claims in 23-cv-170, accusing the police of failing to investigate the abuse of her children and failing to enforce her visitation rights, should be dismissed for two reasons. As to the first portion of the claim, Sporer does not have standing to sue for injuries to her children, who are now adults. In relation to the second portion of her claim, this court does not have subject matter jurisdiction over claims related to child visitation rights, and I recommend these claims be dismissed on that ground.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts have an obligation to determine whether subject-matter jurisdiction exists, even if no party challenges it. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id*. (quoting Fed. R. Civ. P. 12(h)(3)). A federal court has jurisdiction in limited circumstances, including federal question jurisdiction and diversity jurisdiction.

Although Sporer checked the box next to diversity jurisdiction on her complaint form, there is no diversity of citizenship between Sporer—a Wisconsin resident—and the three defendant police departments in different Wisconsin cities. I will instead construe her complaint as alleging federal question jurisdiction. But here, too, Sporer's complaints fail to establish a basis for federal jurisdiction. Sporer has not stated what federal law or constitutional right she believes the police violated by declining to enforce her visitation rights. Nor can I personally fathom a federal basis for this claim, as domestic matters like child custody and visitation rights fall exclusively under state law. *See Adams v. City of Auburn*, 33 F. App'x 811, 812 (7th Cir. 2002) (finding that police were not constitutionally obligated to enforce non-custodial parent's visitation rights and noting that "federal courts typically do not

adjudicate domestic relations disputes.") Because Sporer lacks standing to sue the police for injuries to her adult children, and because this court does not have jurisdiction over claims related to her visitation rights, I recommend dismissing this case. Further, I note that she has not paid the filing fee nor filed a motion to proceed *in forma pauperis.*

## IV.    23-cv-171

Like the claims in 23-cv-168 and 23-cv-170, this case also concerns injuries to Sporer's children—namely, the allegedly negligent placement of them in the care of people who abused them. Any purported injury from these events, if the events did in fact occur, was suffered exclusively by S.S. and C.S., and they alone can vindicate legal claims related to those injuries. Sporer, once again, lacks standing to claim damages for "treatment and suffering" related to the alleged abuse. Moreover, there is again no basis for diversity jurisdiction. As such, I recommend dismissing this case.

## CONCLUSION

For all the foregoing reasons, I find that the requirements of § 1915(e)(2)(B) are not satisfied. Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, I cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Accordingly, the clerk of court is directed to randomly assign this case to a district judge for consideration of the following recommendations: (1) that this action be dismissed according to 28 U.S.C. § 1915; (2) that Sporer's request for leave to proceed without prepaying the filing fee be denied as moot; and (3) that judgment be entered accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein,

or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

      **SO ORDERED** this 16th day of June, 2023.

_____
STEPHEN C. DRIES
United States Magistrate Judge